LUCIUS R. EASTMAN, JR. & another vs. JOHN W. ALLARD & others.

Middlesex.   February 1, 1889. — May 9, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Town — Bequest in Trust to Public Library — Printing of Catalogue.*

A free public library situated in the centre village of a town received by will the income of a trust fund, one third to be expended in buying books for the library, and the other two thirds "in purchasing books for the use of said library, or works of art suitable to adorn the hall or library-room in said centre village, wherein said library may hereafter be kept and maintained, or in defraying the expense of taking care of the same," subject to the condition that no part of the income should ever be expended "for the support of any library or library building, or for the purchase of books or works of art for the use of any library except such as shall be located in said centre village." *Held*, that, besides the purchase of books and works of art, and the care of the library-room, the income was to be devoted to the care and support of the library, which would include the printing of a catalogue necessary to the beneficial use of the library.

BILL IN EQUITY, by a minority of the trustees of the Framingham Town Library, originally brought against the majority of such trustees to restrain them from using a portion of the net income of a trust fund in printing a catalogue of the library.   The bill was amended by making the Attorney General and the inhabitants of the town of Framingham parties defendant.   Hearing upon the pleadings, before *W. Allen*, J., who reserved the case for the consideration of the full court, in substance as follows.

A free public library, duly established by a vote of the inhabitants of the town in 1855, is situated in the centre village of Framingham, and is under the care and supervision of a board of twelve trustees, duly chosen in accordance with the by-laws of the town, of which the plaintiffs and the original defendants are the members.   Moses Edgell, by his will, which was duly admitted to probate in March, 1875, provided as follows:

"Item Tenth.   All the rest, residue, and remainder of my property of every kind, real, personal, and mixed, remaining at

the decease of my said wife and not disposed of by this will, I hereby give, bequeath, and devise unto the inhabitants of the town of Framingham and their successors forever, they to have and to hold the same in trust for the purpose hereafter named, but upon the conditions and subject to the restrictions herein named, as a fund to be known as and called the Edgell Library Fund. Said fund shall remain in the hands of the treasurer of said town, or such other person or persons as said inhabitants may elect for that purpose, he or they giving bonds as directed in item seventh; and said fund shall be invested in the same manner as directed in item seventh respecting said cemetery fund, and the income thereof shall be expended as follows, to wit: first, not less than one third of the net income of said fund shall be expended annually by the trustees of the free public library now located in the centre village of said Framingham in purchasing books for the same; the remaining two thirds of the net income of said fund shall be expended by said trustees in purchasing books for the use of said library, or works of art suitable to adorn the hall or library-room in said centre village, wherein said library may hereafter be kept and maintained, or in defraying the expense of taking care of the same. The foregoing bequest is made upon and subject to the following express conditions, to wit: first, no part of the income of said fund shall ever be expended for the support of any library or library building, or for the purchase of books or works of art for the use of any library except such as shall be located in said centre village; second, no part of the principal of said fund shall ever be expended, and in case any part of said principal should be lost, then no part of the income thereof shall thereafter be expended until said fund by accumulation or otherwise shall have been restored to its original amount; and the treasurer of said town, or such person or persons as may have the charge of said cemetery and library funds, shall annually, at some legal meeting of the inhabitants of said town, submit for their consideration a written report of the condition of said funds, the amount of the same, how invested, the amount of income derived therefrom, and to whom the same may have been paid, and they shall also pay over semiannually to the trustees of said cemetery the net income of said cemetery fund, and to the trustees of said

library the net income of said library fund, excepting as herein mentioned in case of loss, and the trustees of said cemetery and said library shall in like manner report the amounts received by them respectively from the income of said funds, and the purposes for which the same may have been expended."

On January 17, 1876, the inhabitants of the town duly accepted the gift, and after the decease of the wife of the donor the executor of the will paid over to the town $47,000, the amount thereof, the net income of which the trustees received regularly for the purposes of the trust. The printing and publication of a catalogue of all the books in the library became necessary, and the trustees of the library, at a regular meeting duly held on June 14, 1886, voted to print and publish such a catalogue, and to pay the expense thereof out of the net income of the Edgell Fund, ten trustees, being the original defendants, voting in the affirmative, and two trustees, being the plaintiffs, voting in the negative, and filing a protest in writing thereto.

The majority of the trustees contended that they were warranted, under the terms of the bequest and by the authority vested in them by the town by-laws, in printing and publishing a catalogue of the library, and paying therefor out of the income of the trust fund. The minority contended that such an expenditure of the income was not within the testator's intention, but was contrary to the terms of the bequest and to the conditions and restrictions contained in it, and would imperil the possession of the fund by the town.

The case was submitted on briefs to all the judges.

*W. Adams*, for the plaintiffs.

*H. C. Bliss*, First Assistant Attorney General, for the Attorney General.

*J. W. Allard*, for the defendant trustees and the town.

W. ALLEN, J. The testator did not intend to found a library, but to benefit an existing public library. The whole income of the fund was to be expended by the trustees of the free public library already located in the centre village of Framingham; one third of the income was to be expended in purchasing books for the library, and two thirds " in purchasing books for the use of said library, or works of art suitable to adorn the hall or library-room in said centre village, wherein said library may

hereafter be kept and maintained, or in defraying the expense of taking care of the same." The natural and reasonable construction is, that at least one third should be expended in the purchase of books, the remaining two thirds might be expended in the purchase of books or in the purchase of works of art, or in taking care of the library, including the books, works of art, and library-room which belonged to and would come under the general designation of library. The condition which follows, that no part of the income shall ever be expended " for the support of any library or library building, or for the purchase of books or works of art for the use of any library, except such as shall be located in said centre village," shows that the testator intended that the two thirds might be expended for the support of a public library in the centre village, and in some other manner than in the support of a library building or in the purchase of books or works of art.

The entire income was devoted to the purchase of books and works of art, and the support of a library-room, and the support and care of the library. The care and support of the library includes the furnishing of catalogues necessary to its beneficial use. A printed catalogue is so obviously essential to the use of the library which the testator contemplated, that the authority to use for printing a catalogue income given for the care and support of the library would hardly have been questioned had the library been established and wholly endowed by the will. The fact that the bequest is for a public library for which the town has authority to appropriate money cannot affect the construction of the will in this respect. Besides, the authority of the town is to " establish and maintain " a library (Pub. Sts. c. 40, § 9, c. 27, § 10), and if the trustees have not authority under the will to print a catalogue, it is difficult to see how the town can have such authority under the statute.

A majority of the court is of opinion that the proposed expenditure is within the authority of the trustees.

*Bill dismissed.*