## THE CITY OF MACON

*v.*

## BENJAMIN F. HOLCOMB.

*Opinion filed December 16, 1903.*

1. INSTRUCTIONS—*when inaccuracy in instruction will not reverse.* Inaccuracy in an instruction which might have been calculated to mislead the jury if standing alone, will not reverse where, in the light of the other given instructions, it is clear the jury were not misled to the prejudice of the opposite party.

2. SAME—*when erroneous instruction is not cured by correct one.* An erroneous instruction which positively lays down a rule directly in conflict with a correct instruction is not cured by the latter, where it is impossible to say which instruction the jury followed.

3. NEGLIGENCE—*jury cannot compare negligence of plaintiff and defendant in Illinois.* In an action against a city for negligence, an instruction that "the fact that the plaintiff may in some way have contributed to the injury sustained by him will not prevent his recovery if by ordinary care he could not have avoided the consequence to him of the defendant's negligence," is reversible error.

*City of Macon v. Holcomb,* 109 Ill. App. 135, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. E. P. VAIL, Judge, presiding.

Redman & Hogan, for appellant.

Mills & Fitzgerald, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

The appellee brought this action in the circuit court of Macon county, against the appellant, to recover for an injury to his ankle, alleged to have been caused through the negligence of the defendant in failing to keep in repair a sidewalk on one of its streets. The plea was not guilty, and upon a trial by jury a verdict and judgment were rendered in favor of the plaintiff for $1200. The defendant appealed to the Appellate Court, where the judgment of the circuit court was affirmed, and to reverse the latter judgment this appeal is prosecuted.

All controverted facts, including the amount of damages, having been settled by the judgment of the Appellate Court, and no objection being here made as to the ruling of the trial court on the admission or exclusion of evidence, the only question for our consideration arises upon the giving and refusing of instructions.

It is insisted that error was committed in the giving of the second, third, fifth and seventh instructions on behalf of the appellee, and the refusal to give the seventh asked by the appellant. The criticism made upon the second instruction given for plaintiff is, that it uses the expression, "all reasonable care and prudence," whereas it is said it should have read, "reasonable care and prudence," omitting the word "all." The instruction would have been more accurate if it had omitted that word, but the jury could not have been misled by it, especially in view of the fact that other instructions given on behalf of both parties correctly defined the legal duty of the city in keeping its sidewalks in repair. It is said the third imposed upon the city the absolute *duty* of keeping its sidewalks in repair, whereas the law simply required it to exercise diligence in that regard. Considering the

instruction as a whole, it is not subject to the criticism
made; but if it were otherwise, the law is correctly stated
in several other instructions given. The most that can
be justly said as to either the second or third of plain-
tiff's instructions is, that standing alone they might have
been calculated to mislead the jury to the prejudice of
defendant, but in the light of others given we are clearly
of the opinion that such could not have been the case.

We see no substantial ground for the objection made
to the seventh instruction given on behalf of appellee,
which relates only to the measure of damages. It is in
substantial conformity with the decision of this court
in the case of *Chicago and Eastern Illinois Railroad Co.* v.
*Kneirim*, 152 Ill. 458.

The complaint made of the refusal of the seventh in-
struction asked by the city is without substantial merit.
It laid down correct principles of law, but they were
fully announced by those given on behalf of the city.

The objection to the fifth instruction given on behalf
of the plaintiff remains to be considered. That instruc-
tion is as follows:

"The court instructs the jury that the defendant cor-
poration is bound, by law, to use reasonable care and
caution to supervise and keep its streets and sidewalks
in a reasonably safe condition for travel, by night as
well as by day, and if it fails to do so it is liable for
any injuries sustained in consequence of such failure,
provided the party injured is himself exercising due care
and caution; and the fact that the plaintiff may in some
way have contributed to the injury sustained by him will
not prevent his recovery, if by ordinary care he could
not have avoided the consequence to him of the defend-
ant's negligence."

It is, in our opinion, clearly erroneous, in that it ex-
cuses the plaintiff from exercising due care, and entitled
him to recover even though he may by his own negli-
gence have contributed to his injury. In other words, it

is an attempt to qualify the rule which imposes upon the plaintiff in such cases the burthen of proving, by a preponderance of the evidence, that he was at the time of the injury in the exercise of due care for his own safety, —that is to say, he did not, by his own negligence, contribute to the injury of which he complains. He could not make out his case by proving a less degree of care than that which a reasonable person would have exercised under like circumstances. The doctrine of comparative negligence no longer exists in this State. In *West Chicago Street Railroad Co.* v. *Liderman*, 187 Ill. 463, in speaking of the rule which obtains in some of the States "that the contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence," we said: "Such has never been the law in this State. Here the rule is, where a party seeks to recover damages for a loss which has been caused by negligence or misconduct, he must be able to show that his own negligence or misconduct has not concurred with that of the other party in producing the injury, and the burden of proof is upon the plaintiff to show not only negligence on the part of the defendant, but also that he exercised proper care and circumspection, or, in other words, that he was not guilty of negligence." Although several of the instructions given laid down the correct rule in this regard, they cannot be said to correct the error in the fifth. It positively lays down a rule directly in conflict with the correct one, and as we have frequently said, in such case it is impossible to say which instruction the jury followed.

For the error in giving the fifth instruction on behalf of the plaintiff the judgments of the circuit and Appellate Courts must be reversed, and the cause will be remanded to the circuit court for another trial.

*Reversed and remanded.*