BAIN, ADMINISTRATRIX V. MATTMILLER.

[No. 27,024. Filed March 23, 1938.]

*John S. Fenstermacher,* for appellant.

*Emmet Huggins,* and *Q. Austin East,* for appellee.

ROLL, C. J.—Appellant brought this action to recover damages for the wrongful death of her decedent husband caused by an automobile collision in which the deceased was riding, and the automobile of appellee. Two acts of negligence are alleged in the complaint; first, excessive speed, and second, driving on the wrong side of the road.

The only errors complained of relate to certain instructions given to the jury at the trial. The first instruction given sets out plaintiff's complaint, and then follows the part of which complaint is made. It reads as follows:

"To this complaint, the defendant has filed his answer in general denial, and upon the issues thus formed the burden is upon the plaintiff to prove by a preponderance of the evidence the material al-

legations of her complaint before she is entitled to recover from the defendant."

Appellant claims that by this instruction the jury was told that before plaintiff could recover she had to prove all the material allegations of her complaint, namely both the alleged excessive speed and the alleged driving to the left of the center of the highway and that the instruction is mandatory. We do not think the instruction is subject to the complaint made. In order to constitute actionable negligence there must exist three essential elements—namely, a duty or obligation which the defendant is under to protect the plaintiff from injury; a failure to discharge that duty; and injury resulting from such failure. In this case plaintiff has shown these three elements. She has shown the duty, which defendant was under to protect plaintiff's decedent, and has shown that the defendant has violated that duty in two different respects. First, the defendant failed to discharge that duty by driving his automobile at an excessive rate of speed. Second, he failed to discharge that duty by driving his automobile to the left of the center of the road. If plaintiff by evidence proves the duty or obligation which she alleges in her complaint, and proves that the defendant failed to discharge that duty in one of the ways designated and then proves resulting injuries, she has proven the material allegations of her complaint. If plaintiff proved the excessive speed as alleged in the complaint and offered no evidence whatever as to driving to the left of the center of the road and had proven the other material allegations of her complaint she would be entitled to a verdict because she had proven all the material allegations of her complaint. The jury could not have understood from this instruction, that plaintiff was obligated to prove both acts of alleged negligence in view of instruction No. 4,

tendered by plaintiff and given by the court. This instruction reads as follows:

"The plaintiff in her complaint alleges two acts of negligence, namely a speed which was greater than was reasonable and prudent under the surrounding circumstances, and also that the defendant was operating his motor vehicle on the wrong side of the road, or that portion of the road, which is to the left of the center of said highway, at the time of the collision. It is not necessary for the plaintiff to prove both of said negligent acts, but if she proves either one of said negligent acts and the negligent act so proved by a fair preponderance of the evidence was the proximate cause of the collision and death of Charles Bain; the plaintiff would be entitled to recover in this action, unless you further find that the deceased was also negligent, which negligence proximately contributed to his injury."

Appellant complains of instruction No. 3, given by the court of its own motion. This instruction is as follows:

"Negligence which renders one liable to another who is injured thereby is the doing of some act or thing which it is his duty to refrain from doing or in failing to do some act or thing which it is his duty to do, or, to put it in other words, where a person does something, which a reasonably careful and prudent person would not do under the same or like circumstances, or the failing to do some thing which a reasonably careful and prudent person would have done under the same or like circumstances, constitutes negligence, and when such negligent act is done or omitted, and by reason of it another suffers injury therefrom, such negligent person is liable to the injured person, he being without fault."

The part of this instruction of which appellant complains is the last phrase of the instruction, namely, *he being without fault.*

Appellant says that one may be at fault, which fault contributes to his injury, and yet not be guilty of contributory negligence. She cites as authority to sustain

her contention the case of *Abney* v. *Indiana Union Traction Co.* (1908), 41 Ind. App. 53, 57, 83 N. E. 387. The court reversed the case on the 12th instruction which contained the following:

> " 'The defendant in this case is not an insurer of the safety of its passengers, either while riding, alighting from, or attempting to get on board the defendant's cars, and if passengers are guilty of any act that contributes to their injury, that will defeat a recovery for such injury'."

In passing upon this instruction the court said (p. 58):

> ". . ., but under said twelfth instruction any act of the plaintiff which contributed to his injury, whether negligent or not, would defeat his recovery. And for error in giving said instructions the judgment must be reversed."

We do not think the above authority goes so far as to require a reversal of this case on instruction No. 3.

In the case of *Marston* v. *Pickwick Stages* (1926), 78 Cal. App. 526, 248 Pac. 930, the court instructed the jury to find for the plaintiff if the accident was proximately caused by negligence on the part of the driver of the stage and if "plaintiff was without fault." The court said (p. 533):

> "It is objected that the words 'without fault' are not equivalent to an instruction upon the issue of contributory negligence. In other parts of its charge the court fully and correctly instructed the jury upon the question of contributory negligence. Moreover, in the literature of the law the word 'fault' is the equivalent of 'negligence'."

So in this case, appellant contends that instruction No. 3 was defective as to the element of contributory negligence, and also proximate cause. In the present case, as in the California case, the court properly instructed the jury on the question of contributory negligence and also instructed with reference to the question of proximate cause. The phrase, "without fault" the

decisions hold mean the same as "without negligence," or "free from negligence." If the instruction complained of had said, "he being free from negligence" such change would convey the same meaning as "he being without fault." The jury was clearly instructed as to what constituted proximate cause, and as to what constituted contributory negligence. Instructions are to be considered as a whole, and if, when read as one charge, they fairly state the law, the case will not be reversed, even though some one instruction does not fully state the law. As we view the above instruction, it is not a peremptory instruction. It attempts to define actionable negligence. While it is not phrased in the usual and orthodox language we do not think the giving of it constituted reversible error in view of instruction No. 6, on the question of proximate cause and instruction No. 8, which was on the question of contributory negligence. We hold that the giving of instruction No. 3 was not reversible error.

Appellant next complains of the giving of instruction No. 7, which reads as follows:

"If you are unable to determine, from a fair preponderance of the evidence, just what was the proximate or real cause of the collision and resultant injury described in the complaint, then such collision falls within that class denominated as pure accident, and your verdict should be for the defendant, Fred W. Mattmiller."

Appellant says that under this instruction the jury was told that if they were unable to determine whether the proximate cause of the injury was the negligence alleged or the contributory negligence of the plaintiff, their verdict should be for the defendant, and also it placed the burden of proving that the negligence alleged was the sole cause of the injury, and that the plaintiff was free from contributory negligence. We do not so read this instruction. The jury in the first instance determine whether defendant was guilty of the negligence

alleged in the complaint, and whether or not such negligence was the proximate cause of the injury. If they so determine, then the question of plaintiff's alleged contributory negligence becomes pertinent. If the jury is unable in the first instance to determine whether or not the alleged negligence of the defendant was the proximate cause of the alleged injury, plaintiff is not entitled to recover in a negligence case, the jury must be able to determine that the proximate cause of the injury was the negligence set out in the complaint and if they are unable to determine this, they cannot find for the plaintiff. This we think correctly states the law and we find no error in so instructing the jury.

Appellant claims error in the giving of instruction No. 8, which is as follows:

> "Contributory negligence, which is a defense, is negligence on the part of the plaintiff, or injured person, which causes, or partly causes, his injuries. If an injured person does or omits to do some act or thing which a reasonably careful and prudent person would not have done or omitted to do under the same or like circumstances and such act or omission causes or partly causes or contributes to his injury, this is contributory negligence."

We are not impressed with appellant's contention to the effect that the instruction tells the jury that if the injured person does or omits to do some act which causes or contributes to his injury this would be a defense to the action. And appellant says that before an act or omission becomes a defense, it must be a negligent act and must proximately contribute to the injury or collision. This is what we think the instruction tells the jury. We think the instruction properly states the law.

Appellant finds fault with the instruction No. 2 tendered by appellee and given by the court. This instruction tells the jury that:

> "If Charles Bain, plaintiff's decedent herein was guilty of any negligence, no matter how slight, which proximately contributed to the injury and death referred to in plaintiff's complaint, your verdict must be for the defendant."

The objection urged against this instruction is that it recognizes degrees of negligence which she says is condemned in the case of *Union Traction Co.* v. *Berry* (1919), 188 Ind. 514, 121 N. E. 514, and in *Midwest Motor Coach Co.* v. *Elliott* (1932), 95 Ind. App. 64, 182 N. E. 541. An examination of these cases will disclose that they are not susceptible to the application attempted to be made by appellant. As we read this instruction it is in harmony with the law as stated in the cases cited. If the plaintiff was guilty of any negligence, no matter how slight, etc., he cannot recover. In other words there is no certain amount of negligence necessary to be proven. Any negligence, on the part of plaintiff that contributed proximately to his own injury will defeat recovery. We find no error in this instruction.

We have discussed all alleged errors and find no reversible error. Judgment affirmed.