Everett HUNDT, Appellant/Cross-Appel-
lee (Plaintiff below),

v.

LA CROSSE GRAIN CO., INC.,
Appellee/Cross-Appellant
(Defendant below).

No. 1282S495.

Supreme Court of Indiana.

March 15, 1983.

Rehearing Denied May 10, 1983.

Michael C. Harris, Harris & Welch, Ches-
terton, for appellant/cross-appellee, Everett
Hundt.

Leon R. Kaminski, Mark L. Phillips, New-
by, Lewis, Kaminski & Jones, LaPorte, for
appellee/cross-appellant, La Crosse Grain
Co., Inc.

HUNTER, Justice.

This case is before this Court upon the
petition to transfer of defendant-appellee,
LaCrosse Grain Co., Inc. (LaCrosse). The
Court of Appeals, Fourth District, reversed
the trial court's order granting LaCrosse a
new trial on all issues and remanded for a
limited new trial on the issue of damages
only based upon an improper instruction.
The court further clarified two issues in a
separate opinion on rehearing. *Hundt v.
LaCrosse Grain Co., Inc.,* (1981) Ind.App.,
425 N.E.2d 687, *reh'g denied,* 432 N.E.2d 71.
We now grant transfer and vacate the opin-
ions of the Court of Appeals.

This case began when Everett Hundt, a
professional exterminator, filed a complaint
for damages as a result of a fall down the
basement stairs in the office building of

LaCrosse Grain Company in LaCrosse, Indiana. Hundt had been employed by LaCrosse as an exterminator for a number of years preceding the accident. The jury ultimately found for Hundt and awarded him $25,000 in damages. However, the trial court sustained LaCrosse's motion to correct errors upon the basis that certain testimony of a state fire marshal was outside the scope of a pretrial order and had been erroneously admitted. The court ordered a new trial on all issues. On appeal, the Fourth District found that the pretrial order was broad enough to permit the introduction of the complained of testimony and that other alleged errors involving issues of contributory negligence and incurred risk were without merit and, therefore, reversed the trial court's decision granting a new trial. They also found, however, that there was reversible error in the giving of an instruction on future medical expenses which was not supported by the evidence and ordered a new trial on the sole issue of damages.

The underlying facts of this action are not in dispute. Mr. Hundt and his son went to LaCrosse Grain Company on March 9, 1976, to do pest control work which involved spreading a chemical on rafters in a storage shed to discourage birds from being present and damaging the grain. After finishing this work, Hundt and his son went into the office building to wash up. Mr. Hundt had done pest extermination work for LaCrosse since 1955, and was thoroughly familiar with the office building and its facilities. On this occasion, Hundt entered the back door of the office building and then mistakenly opened the door leading to the basement rather than the washroom door. He stepped through the doorway and fell down the basement stairs through his own momentum. It was uncontradicted that the basement door was closed, the hallway was well lighted, and there were signs above two doors indicating the men's and ladies' washrooms. It was also uncontradicted that the basement door opened inward, there was no landing inside the door, and there was no handrail or bracing device beside the stairs.

Hundt acknowledged at the trial that he knew where both the washroom and the basement were located and had been in these areas about 100 times during the twenty years he had visited the LaCrosse buildings. He also admitted that he was familiar with the fact that the basement door opened inward while the washroom door opened outward, and that the basement stairway had no landing or handrails. He also testified that he had never entered the building from the rear door before, but had previously always entered from the front. The State Fire Marshal was allowed to testify, over LaCrosse's timely objections, as to the existence, scope and content of statutes and regulations of the Administrative Building Council concerning safety features such as landings and handrails required for stairways in public buildings. The theories relied upon by the parties were set out in the pretrial order. The plaintiff alleged that his injuries were caused by the negligent acts or omissions of LaCrosse in maintaining on its premises a dangerous condition consisting of a basement door which opened into a stairway with no landing and no handrail. LaCrosse alleged that Hundt was a licensee and that therefore no duty was owed to him other than to refrain from willful, wanton misconduct. They further contended that Hundt was guilty of contributory negligence as a matter of law and had incurred the risk of his injuries as a matter of law.

In this petition for transfer LaCrosse raises six issues for our consideration. We find that the dispositive issue in this case is whether Hundt was guilty of contributory negligence as a matter of law and our affirmative finding on that issue precludes any consideration of the other five issues.

██ It is well settled that contributory negligence is generally a question of fact for the jury where the facts are such as to be subject to more than one reasonable inference. However, where the facts are undisputed and only a single inference can reasonably be drawn therefrom, the question of contributory negligence becomes one

of law.[1] *Hedgecock v. Orlosky,* (1942) 220 Ind. 390, 44 N.E.2d 93; *Bain, Administratrix v. Mattmiller,* (1938) 213 Ind. 549, 13 N.E.2d 712; *New York, etc. R. Co. v. Hamlin,* (1907) 170 Ind. 20, 83 N.E. 343; *Stallings v. Dick,* (1965) 139 Ind.App. 118, 210 N.E.2d 82; *Standard Oil Company v. Henninger,* (1935) 100 Ind.App. 674, 196 N.E. 706.

 This Court has consistently held that the basis for contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and safety. Lack of reasonable care that an ordinary man would exercise in like or similar circumstances is the factor upon which the presence or absence of negligence depends. *Memorial Hospital of South Bend, Inc. v. Scott,* (1973) 261 Ind. 27, 300 N.E.2d 50; *Bixenman v. Hall,* (1968) 251 Ind. 527, 242 N.E.2d 837; *Hedgecock & Orlosky, supra; Bain, Administratrix v. Mattmiller, supra.* Further, it must be shown that the plaintiff's negligent act was a proximate cause of his injury and that he was actually aware of or should have appreciated the risks involved. *Memorial Hospital of South Bend, Inc. v. Scott, supra; Hedgecock v. Orlosky, supra.*

Accordingly, Indiana courts have found contributory negligence as a matter of law in cases in which the voluntary conduct of the plaintiff exposed him to imminent and obvious dangers which a reasonable man exercising due care for his own safety would have avoided. *See Hedgecock v. Orlosky, supra* (standing between two cars in order to disengage locked bumpers); *Standard Oil Company v. Henninger, supra* (opening closed door to basement stairway in mistaken belief that it led to washroom); *Stallings v. Dick, supra* (standing on rear bumper of an automobile while a truck was attempting to push it); *Lake Shore and Michigan Southern Railway Company v. Pinchin,* (1887) 112 Ind. 592, 13 N.E. 677 (attempting to pass between two cars of a standing train).

In the instant case, the facts are undisputed and are almost identical to the facts in *Standard Oil Co. v. Henninger, supra,* in which the court found contributory negligence as a matter of law. There, the plaintiff, Henninger, had stopped at an unfamiliar gas station to see a map. After the attendant showed him a map and gave him directions, Henninger received permission to use the washroom. He then proceeded to open an unmarked door and his own momentum caused him to fall down a flight of stairs to his injury. The court overturned a verdict for Henninger and found that "the conduct of the appellee, as disclosed by the uncontradicted evidence established contributory negligence" as a matter of law. *Id.* 100 Ind.App. at 682, 196 N.E. at 709. The court said that a closed door to a stairway does not constitute a trap or pitfall. The fact that a door is there is a warning that it is the means of exit or of entrance to some other area, room, or stairway. It defies common sense to assume that persons will precipitately open a door and, without the use of their ordinary senses, enter without a thought as to where it leads.

 Here, the fact is undisputed that the door to the stairway was closed, thus guarding that area.[2] Hundt was an adult and did not have any disability or limitation of perception. The hallway area where the basement and washroom doors were located was well lighted and the washroom doors were clearly marked. Hundt had been in the building and in both the washroom and basement on numerous prior occasions. He acknowledged that he was familiar with the

1. We note that Indiana has not abandoned the common-law doctrine of contributory negligence in favor of a comparative negligence doctrine in negligence actions generally, as some jurisdictions have done. We believe such a change in this area of the law is a matter for legislative enactment rather than judicial adoption.

2. Our Court has found that there was no contributory negligence as a matter of law in cases where there were falls on a stairway and a sidewalk which were unguarded. *Silvestro v. Walz,* (1943) 222 Ind. 163, 51 N.E.2d 629; *Town of New Castle v. Grubbs,* (1908) 171 Ind. 482, 86 N.E. 757.

fact that the basement door opened inward while the washroom door opened outward. In this case, the plaintiff was thoroughly familiar with the hallway area of the building and with the types of rooms and areas that were protected by the closed doors. The only conclusion which can be drawn from the facts in this case is that Hundt was disregarding an obviously known and appreciated danger by opening the closed door in such a manner as to preclude any opportunity to observe what was on the other side.

We find that the undisputed evidence establishes that Hundt was guilty of contributory negligence which was the proximate cause of his injury. Such negligence is contributory negligence as a matter of law under the circumstances of this case and for this reason the verdict of the jury is contrary to law.

For all of the foregoing reasons, transfer is granted, the opinions of the Court of Appeals are vacated, and this cause is remanded to the trial court with instructions to enter judgment for defendant.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with opinion.

## ON PETITION TO TRANSFER

DeBRULER, Justice, dissenting.

The Court directs a judgment to be rendered for the defendant in the court below. The Court takes this action based upon its view of the evidence as being without dispute and leading to but one conclusion which is that it establishes negligence on the part of the plaintiff as a matter of law. I disagree on both scores. In mandating a judgment to be entered rather than a new trial, the Court commits error. Those characteristics of this case and the circumstances which serve to set it apart from those cases which might arguably support the direction of a judgment for the defendant are the following:

1. The case was fully tried before a jury in the court below.

2. At the trial the burden rested with the defendant to prove the plaintiff's negligence by a preponderance of the evidence. Ind.R.Tr.P. 9.1(A).

3. The presiding judge ruled twice that the evidence presented genuine triable issues and that there was nothing determinable as a matter of law.

4. The jury returned a verdict against the party bearing the burden of proof upon the issue of the plaintiff's negligence, i.e., a verdict for the plaintiff.

5. The verdict was a general one which included no special verdicts or jury interrogatories. Ind.R.Tr.P. 49.

6. There is no error in the conduct of the trial proceedings which provides a basis for the decision of this Court to grant judgment for the defendants.

The profundity of the majority action in this case to the future course of the law is apparent. The strongest presumption in the law must be that justice is done by the decision of an impartial trier of fact in an error free trial presided over by a judge in a duly constituted court where the parties are represented by counsel. All those criteria are present here. In my opinion, it would only be in the most extraordinary and bizarre circumstances that an appellate tribunal would be rationally justified in a civil case in supplanting its view of the evidence for that of a jury *and* the presiding judge. Yet there are no such circumstances approaching that here. The jury awarded $25,000 to the plaintiff for injuries received when he fell down some steps constructed in a manner condemned by specific safety laws in more than one respect. More disturbing than the lack of such extraordinary circumstances is the prospect that under the aegis of the majority view, an appellate court can now lawfully grant a judgment for the plaintiff in the aftermath of a trial in which no special defenses are raised and the jury has returned a verdict for the defendant.

Indiana R.App.P. 15(N) governs the appellate remedy. It recognizes that an appellate court may direct entry of a final judgment "unless such relief is shown to be

impracticable or unfair to any of the parties or is otherwise improper." One must look beyond the rule criteria to determine the propriety of the grant in any particular case. None of the recent cases relied upon by the majority in which an appellate court found negligence as a matter of law resulted in the direction of a judgment for the party bearing the burden of proof. *Standard Oil v. Henninger,* (1935) 100 Ind.App. 674, 196 N.E. 706, a case where according to the majority "the facts are undisputed and are almost identical . . . in which the court found contributory negligence as a matter of law", did not result in the direction of a judgment for the defendant. *Memorial Hospital of South Bend, Inc. v. Scott,* (1973) 261 Ind. 27, 300 N.E.2d 50, involved the affirmance of the grant of a new trial by the trial court. The recent case of *Bemis Co. Inc. v. Rubush,* (1982) Ind., 427 N.E.2d 1058, involved the direction of a judgment for the defendant after a plaintiff's verdict, but it is clearly different from the case at bar since there the judgment for the plaintiff was reversed because of a failure of the plaintiff to sustain his burden of proof by sufficient evidence upon an element of his claim. Here the judgment being ordered for the defendant stems from the success of the defendant in sustaining his burden to prove plaintiff's negligence.

The case of *New York, etc. R. Co. v. Hamlin,* (1907) 170 Ind. 20, 83 N.E. 343, and cases in its posture would be compelling were it not for the fact that they involve special verdicts and jury interrogatories. This Court concluded as follows:

> "The judgment is therefore reversed, with instruction to sustain appellant's motion for judgment in its favor on the interrogatories, and to render judgment in favor of appellant for costs." 170 Ind. at 37, 83 N.E. 343.

In such cases an appropriate respect for the function of the trier of fact is shown. It will be most difficult to maintain even due regard for that function in a system in which an appellate court can direct the entry of judgment for the party bearing the burden of proof because of its view of the evidence, after the judge and jury found

that such party had failed to sustain that burden. It cannot but be concluded that the direction of entry of judgment for the defendants is improper. Ind.R.App.P. 15(N).

Turning to the evidence in this case, one finds that there is a special peril presented to one about to descend this basement stairway. It is created by at least three separate defects which are functionally related. They are: the inward opening door at the top, the lack of a landing inside the door at the top, and the lack of a hand railing. The door which is described by the majority as "guarding" the entrance can also be reasonably viewed as enhancing the peril to the user in at least two respects. First, in use by one who will descend the stairway, it, as it is gradually opened inwardly, blocks a clear and complete view of the steps and thus prevents the senses from making a complete, quick and accurate assessment of spatial relationships. Second, simultaneously as the user maintains a grip on the door handle and thrusts the door open, his center of gravity is necessarily shifted forward, thus creating the likelihood of a reflexive response of a first step forward and down the steps. Even a person well-acquainted with such an arrangement could easily become unsteadied at the very top. The enhancing effect upon the peril to such a person by the lack of a railing, becomes evident at this point. A railing would provide one with the means of steadying oneself so as to prevent stumbling and falling. I believe that the jury, upon considering these defects in the construction of the steps and stairway within the realm of its function as trier of fact, could reasonably have concluded that the defendants failed to prove by a preponderance of the evidence that the special danger created by them was, or in the exercise of reasonable care, should have been *appreciated* by the plaintiff. Such was their burden, and the jury was so properly instructed.

Another facet of the case is that the jury may have concluded that the evidence was evenly balanced with regard to whether the plaintiff's mistaken belief that the wash-

room was behind the door was causally related to his subsequent fall. He could thus be reasonably treated as one who knew that there was a stairway behind the door leading to the basement, or one who was totally ignorant of what was behind the door. The jury may have concluded that his conduct in failing to realize that he was entering the basement door rather than the men's room door did not show a failure to use reasonable care, in light of the fact that he was in a hurry as many people are in these circumstances, and the door had the same general appearance, even given the fact that the men's room door was marked. As I see it, the jury, and each member of it is to make reasonable inferences from the testimony, give those inferences great or little weight, give meaning to words and phrases, and to believe or disbelieve witnesses. I believe this case presents issues triable only by a judge or jury which can exercise those faculties.