**Esther JONES, Appellant (Plaintiff Below),**

**v.**

**Phillip GLEIM, Appellee (Defendant Below).**

**No. 3–583A141.**

Court of Appeals of Indiana,
Third District.

March 22, 1984.

Rehearing Denied May 2, 1984.

Michael W. Bosch, Hammond, for appellant.

Robert F. Parker, Beckman, Kelly & Smith, Hammond, for appellee.

STATON, Presiding Judge.

Esther Jones sued Phillip Gleim seeking to recover for injuries she suffered when she was struck by a car driven by Gleim. After the close of Jones' evidence, the trial court granted Gleim's motion for judgment on the evidence. Jones appeals, contending that the trial court erred in determining that she was contributorily negligent as a matter of law.[1]

---

1. Jones also urges this Court to adopt a comparative fault rule. Jones points out that the legislature has promulgated a comparative fault statute which will take effect January 1, 1985. We

Reversed and remanded.

The evidence and inferences most favorable to Jones are as follows: The accident occurred shortly after 7:00 p.m. on October 7, 1977. Jones was on her way to St. Margaret's Hospital in Hammond to visit a friend. Another friend, Carlos Godines, gave Jones a ride to the hospital. When they reached the hospital, Godines' car was facing east on Douglas Street. The hospital is on the north side of the street. Godines stopped directly across from the hospital entrance. Jones got out of the car and walked back behind the car. She looked both ways, saw no cars approaching, and started to run across the street. As she was crossing the street, she was struck by the right front bumper of a car driven by Gleim, which was traveling west on Douglas Street. Jones was not crossing within a marked crosswalk or at an intersection. At the time of the accident, visibility was poor. It was dusk and raining heavily. Although Gleim testified that his car headlights were on, Jones and Godines testified that they looked both ways and saw no cars approaching.

. "The prevailing Indiana rule is that contributory negligence is generally a question of fact for the jury to determine where the facts are such as to be subject to more than one reasonable inference. However, where the facts are undisputed and only a single inference can reasonably be drawn therefrom, the question of contributory negligence becomes one of law. [Citations omitted.]

The Supreme and Appellate Courts have many times recognized the test for 'negligence as a matter of law' to be that negligence which is so clear and palpable that no verdict could make it otherwise. [Citations omitted.]"

*Carroll v. Ely* (1980), Ind.App., 398 N.E.2d 1364, 1365.

Jones contends that the trial court erred in determining that she was contributorily negligent as a matter of law. She argues that the evidence and inferences most favorable to her show that her conduct was

reasonable—she looked both ways, saw no cars, and started across the street. On the other hand, Gleim argues that Jones was guilty of contributory negligence as a matter of law because: (1) Jones failed to yield the right of way to Gleim as required by statute; and (2) Jones failed to continue to look for oncoming cars as she was running across the street.

IC 1976, 9–4–1–88(a) provides:

"(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway."

(West's A.I.C.). IC 1976, 9–4–1–87(b) provides:

"(b) No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute an immediate hazard."

(West's A.I.C.). Gleim asserts that because Jones violated these statutes when she ran in front of his car, she was negligent as a matter of law. However, while Jones did violate the statutes, that alone does not make her guilty of contributory negligence as a matter of law.

 Generally, one who violates the provisions of a traffic statute is *prima facie* guilty of negligence,

"unless the evidence discloses that it was impossible to comply to the statute or non-compliance to it was excusable because of circumstances resulting from events beyond his control."

*Hendrix v. Harbelis* (1967), 248 Ind. 619, 230 N.E.2d 315, 318. After a violation of a traffic statute has been shown, the burden then shifts to the accused to come forward with evidence that compliance was impossible or excusable. *Id.* In this case, Jones could be expected to comply with these statutes only if Gleim's car would have been visible to an ordinary person.

decline Jones' invitation to, in effect, change the

effective date of that statute.

Gleim correctly points out that if visibility that evening was sufficient for one to see his oncoming car, Jones would be charged with constructive knowledge of the car's presence and her failure to see the car would not excuse her violation of traffic laws. *See Anderson v. Pre-Fab Transit Co., Inc.* (1980), Ind.App., 409 N.E.2d 1157; and *Frankfort v. Owens* (1978), 171 Ind.App. 566, 358 N.E.2d 184. In the alternative, Gleim argues that if visibility that evening was so poor that it was impossible to see his oncoming car, then Jones was negligent in even attempting to cross the street. In support of this assertion, Gleim relies on *Smith v. Diamond* (1981), Ind.App., 421 N.E.2d 1172.

In *Diamond,* a pedestrian was struck by a car as he was attempting to cross the street. The court held that the pedestrian was guilty of contributory negligence as a matter of law because he failed to look both ways before attempting to cross the street. In so doing, the court rejected the pedestrian's suggestion that even if he had looked both ways he would not have seen the car that struck him, stating

"While it may be that Smith's view of northbound traffic would have been obscured by the southbound car which he ran behind, it is clear that had he looked, he would have known it was unsafe to cross precisely because his view was thus blocked. In that event, Smith's act of crossing the street without making any effort to look would clearly be a 'substantial factor in causing his injury.' W. Prosser, Handbook of the Law of Torts, (4th ed. 1971) at 421."

*Id.* at 1180.

Thus, Gleim asserts that regardless of whether visibility that evening was sufficient for his car to be seen or so poor that it was impossible to see the car approaching, Jones was negligent in attempting to cross the street when she did; she either should have seen the car or should have recognized that it was impossible to see an oncoming car.

■ Unfortunately, this argument ignores the possibility that a jury could believe Jones' and Godines' testimony that they looked for cars and saw none approaching, disbelieve Gleim's testimony that his headlights were on, and infer that Jones and Godines failed to see Gleim's car approaching because its headlights were off when they should have been turned on. Jones' violation of IC 9-4-1-87(b) and IC 9-4-1-88(a) could then be excused and would not constitute negligence. Because the facts and inferences to be drawn therefrom are not undisputed, whether Jones' conduct in attempting to cross the street when she did constitutes contributory negligence is a question for the jury.

■ We are also unpersuaded by Gleim's assertion that Jones was negligent as a matter of law because she failed to continue to look for cars as she was crossing the street. This Court has previously held that such failure to keep a lookout does not constitute negligence as a matter of law. *Fields v. Hahn* (1944), 115 Ind.App. 365, 57 N.E.2d 955 (Instruction to the contrary was an erroneous statement of the law.). The common law does not absolutely require a pedestrian to take any particular precaution. The test is whether the pedestrian exercised reasonable care. *Southern Indiana Gas and Elec. Co. v. Scoles* (1982), Ind.App., 435 N.E.2d 287, 291. Thus, whether Jones' failure to keep a continuous lookout as she crossed the street constitutes negligence is also a question for the jury.

Neither Jones' violation of traffic statutes nor her failure to keep a continuous lookout as she crossed the street constitutes negligence as a matter of law. Thus, the trial court's entry of judgment on the evidence in favor of Gleim must be reversed, and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

GARRARD, J., concurs.

HOFFMAN, J., dissents with opinion.

HOFFMAN, Presiding Judge.

I must dissent from the majority's decision in the instant case. The majority would render it impossible for a defendant to obtain a judgment on the evidence in a negligence action absent the plaintiff's in-court admission of contributory negligence. Of course as the majority points out, the jury could disbelieve the witness; thus, it is quite possible that a directed verdict could never be granted a defendant in a negligence action.

Seldom is a judgment on the evidence the proper manner of deciding a negligence action. However, where the uncontradicted evidence supports a finding that as a matter of law no reasonable man would have acted as the plaintiff did in this action, then a directed verdict is proper. *Smith v. Diamond*, (1981) Ind.App., 421 N.E.2d 1172; *State v. Thompson*, (1979) 179 Ind.App. 227, 385 N.E.2d 198. When ruling on a directed verdict the trial court views the evidence most favorable to the non-movant. *Eagle Motor Lines, Inc. v. Galloway*, (1981), Ind.App., 426 N.E.2d 1322. The trial court does not weigh the evidence or judge the credibility of witnesses. *Haidri v. Egolf*, (1982) Ind.App., 430 N.E.2d 429. Where the evidence is uncontradicted and is susceptible to but one inference in favor of the moving part, judgment on the evidence is properly granted. *Kranda v. Houser-Norborg Medical Corp.*, (1981) Ind.App., 419 N.E.2d 1024, *rehearing denied* 424 N.E.2d 1064. When reviewing a trial court's ruling on a motion for judgment on the evidence, this Court views only the evidence favorable to the non-movant to determine whether there is any evidence or inference justifying submission of the claim to the jury. *Johns v. New York Blower Co.*, (1982) Ind.App., 442 N.E.2d 382.

The majority's viewpoint that conflicting inferences arise from the evidence merely because the jury might disbelieve the testimony of a witness amounts to creative jurisprudence and is a misapplication of this Court's standard of review. Taken in a light most favorable to Jones, the uncontradicted evidence in the case at bar establishes that:

1) at the time of the accident it was a dark evening, heavy rain was falling, and the area was foggy;

2) Jones was wearing dark clothing;

3) Jones was deaf in one ear, the ear facing the direction from which Gleim was approaching;

4) Jones was wearing glasses and her vision was reduced due to the weather conditions so that she could see approximately 20–30 feet in front of her;[1]

5) Jones looked both directions along Douglas Street but observed no traffic approaching;

6) Gleim was driving west on Douglas Street with his lights on;[2]

7) Jones began to run from the curb on the south side of Douglas Street and did not stop at the centerline to check the traffic again; and

8) Jones was crossing the street at the center of the block even though she was aware there was a crosswalk at the end of the block.

As stated by the majority Jones' conduct, crossing the street at the center of the block, violated a traffic statute and constituted prima facie evidence of Jones' negligence. This coupled with the uncontroverted evidence recited above clearly establishes that no question exists as to Jones' contributory negligence. An individual whose vision is impaired by the weather and is deaf in one ear does not act reason-

---

1. Jones stated in a pre-trial deposition, which was used at trial, that she could only see about 8–10 feet. However, at trial she stated that she could barely see across the street, 20–30 feet. Since we must view the evidence in a light most favorable to Jones, the latter figures and testimony control.

2. While the jury might disbelieve Gleim's testimony, there is no evidence conflicting his testimony including the testimony of Jones and Godines. Consequently this must be considered a *fact* as this Court is barred from weighing the evidence or judging the credibility of witnesses.

ably in crossing a street at the center of a block on a dark, rainy and foggy night. This is especially so when the relative safety of a crosswalk is near at hand and known to the party. The trial court did not err in granting judgment on the evidence for Gleim in the case at bar. For the reasons stated above I would affirm the trial court.