Esther JONES, Appellant (Plaintiff below),

v.

Phillip M. GLEIM, Appellee (Defendant below).

No. 984S339.

Supreme Court of Indiana.

Sept. 10, 1984.

Michael W. Bosch, Hammond, for appellant.

Robert F. Parker, Beckman, Kelly & Smith, Hammond, Leon Kaminski, Newby, Lewis, Kaminski & Jones, LaPorte, for appellee.

HUNTER, Justice.

This case is before this Court upon the petition to transfer of defendant-appellee, Phillip Gleim. The plaintiff-appellant, Esther Jones, sued Gleim after she was struck by his car while she was crossing the street in the middle of a block. The trial court granted Gleim's Motion for Judgment on the Evidence at the close of the plaintiff's case, and Jones appealed. The Court of Appeals, Third District, found that the trial court erred in determining that Jones was contributorily negligent as a matter of law and reversed the trial court's judgment. *Jones v. Gleim*, (1984) Ind.App., 460 N.E.2d 1017 (Hoffman, P.J., dissenting).

We now grant transfer and reverse. The opinion and decision of the Court of Appeals are hereby vacated, and defendant's petition to transfer is granted. The decision of the trial court is affirmed.

The trial of this action started on December 21, 1982, before a jury. Medical bills of the plaintiff were stipulated to. The plaintiff introduced evidence in her case in chief regarding the incident itself and introduced as witnesses herself, her friend who had driven her to the scene of the accident, and Gleim. Her evidence established the following facts as succinctly stated by the Court of Appeals.

"The accident occurred shortly after 7:00 p.m. on October 7, 1977. Jones was on her way to St. Margaret's Hospital in Hammond to visit a friend. Another friend, Carlos Godines, gave Jones a ride to the hospital. When they reached the hospital, Godines' car was facing east on Douglas Street. The hospital is on the north side of the street. Godines stopped directly across from the hospital entrance. Jones got out of the car and walked back behind the car. She looked both ways, saw no cars approaching, and started to run across the street. As she was crossing the street, she was struck by the right front bumper of a car driven by Gleim, which was traveling west on Douglas Street. Jones was not crossing within a marked crosswalk or at an intersection. At the time of the accident, visibility was poor. It was dusk and raining heavily. Although Gleim testified that his car headlights were on, Jones and Godines testified that they looked both ways and saw no cars approaching."

*Jones v. Gleim*, 460 N.E.2d at 1018.

At the close of Jones's case, Gleim moved for a judgment on the evidence and the trial court granted the motion stating that "the plaintiff under the circumstances in this case falls short of the duty of care on her part as to constitute contributory negligence as a matter of law." The Court of Appeals reversed the trial court on the basis that contributory negligence as a matter of law had not been established because the jury might disbelieve the testimony of a witness and find conflicting inferences. They specifically point out that the jury might disbelieve Gleim's testimony that his headlights were turned on and therefore find that Gleim was at fault. We agree with Judge Hoffman that this is a misapplication of the reviewing Court's standard of review.

It is axiomatic that in reviewing the trial court's ruling on a motion for judgment on the evidence, the reviewing court must consider only the evidence and reasonable inferences most favorable to the nonmoving party. *Johns v. New York Blower Co.*, (1982) Ind.App., 442 N.E.2d 382; *Large v. Gregory*, (1981) Ind.App.,

417 N.E.2d 1160. Judgment on the evidence in favor of the defendant is proper when there is an absence of evidence or reasonable inferences in favor of the plaintiff upon an issue in question. The evidence must support without conflict only one inference which is in favor of defendant. *Palace Bar, Inc. v. Fearnot*, (1978) 269 Ind. 405, 381 N.E.2d 858. If there is any probative evidence or reasonable inference to be drawn from the evidence or if there is evidence allowing reasonable people to differ as to the result, judgment on the evidence is improper.

■ In this case, the record shows that there was no testimony contradicting the fact that Gleim was driving with his lights on. Although Jones and her friend both testified that they did not see Gleim's car, that does not contradict Gleim's testimony that his lights *were* on given the weather conditions and poor visibility at the time of the accident. Thus, there was no basis from a reviewing court's standpoint to infer that Gleim was driving without his headlights on. As Judge Hoffman points out, "The majority's viewpoint that conflicting inferences arise from the evidence merely because the jury might disbelieve the testimony of a witness amounts to creative jurisprudence" and would preclude judgment on the evidence in almost every case. *Jones v. Gleim*, 460 N.E.2d at 1020. The Court of Appeals erred in finding that the fact that Gleims did have his headlights on was subject to more than one reasonable inference by the reviewing court.

■ We next turn to the applicable law on contributory negligence. It is well settled that contributory negligence is generally a question of fact for the jury where the facts are such as to be subject to more than one reasonable inference. However, where the facts are undisputed and only a single inference can reasonably be drawn therefrom, the question of contributory negligence becomes one of law. *Hundt v. LaCrosse Grain Co., Inc.*, (1983) Ind., 446

N.E.2d 327; *Hedgecock v. Orlosky*, (1942) 220 Ind. 390, 44 N.E.2d 93.

■ Indiana courts have consistently held that the basis for contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and safety. Lack of reasonable care that an ordinary person would exercise in like or similar circumstances is the factor upon which the presence or absence of negligence depends. *Hundt v. LaCrosse Grain Co., Inc.*, 446 N.E.2d at 329; *Memorial Hospital of South Bend, Inc. v. Scott*, (1973) 261 Ind. 27, 300 N.E.2d 50; *Bixenman v. Hall*, (1968) 251 Ind. 527, 242 N.E.2d 837. Further, it must be shown that the plaintiff's negligent act was a proximate cause of his injury and that he was actually aware of or should have appreciated the risks involved. Indiana courts have found contributory negligence as a matter of law in cases in which the voluntary conduct of the plaintiff exposed him to imminent and obvious dangers which a reasonable man exercising due care for his own safety would have avoided. *See Hundt v. LaCrosse Grain Co., Inc.*, 446 N.E.2d at 329.[1]

■ In the instant case, the undisputed evidence revealed that it was a rainy, foggy evening when the accident occurred. Jones's visibility was reduced due to the weather conditions, she was wearing glasses which were wet from the rain, and she was deaf in one ear. She was wearing dark clothing and crossed the street at the center of the block even though she was aware of a crosswalk at the end of the block. There was no testimony contradicting the fact that Gleim was driving with his lights on. Furthermore, she specifically testified that she looked both ways for traffic when she got out of her friend's car and was on the south curb of the street. However, the car was partially blocking her line of vision at that time. She then started running across the street in order to get out of the rain as quickly as possible

---

**1.** Indiana's new comparative-fault statute, Ind. Code § 34–4–33–1, *et seq.* (Burns 1984 Supp.), will not take effect until January 1, 1985, and so does not apply to this case.

and did not look for oncoming traffic a second time. This evidence shows that Jones violated two traffic statutes by running out in front of Gleim's car in the middle of the block, Ind.Code §§ 9–4–1–87(b) and 9–4–1–88(a) (Burns 1976), and, therefore, is *prima facie* guilty of negligence. *Hendrix v. Harbelis*, (1967) 248 Ind. 619, 230 N.E.2d 315; *Haidri v. Egolf,* (1982) Ind.App., 430 N.E.2d 429; *Smith v. Diamond,* (1981) Ind.App., 421 N.E.2d 1172.

We find that Jones's conduct here did expose her to the imminent and obvious dangers of dodging traffic while crossing the street in the middle of the block. The evidence shows that she did not take the reasonable care that an ordinary person would exercise in similar circumstances. Her conduct in crossing the street in the middle of the block on a rainy, foggy night when her vision was impaired and she did not continue to look for oncoming traffic was not that of a reasonable person and was in disregard of the obviously known and appreciated dangers.

 We find that the undisputed evidence in this case establishes that Jones was guilty of contributory negligence as a matter of law. The trial court correctly granted defendant's motion for judgment on the evidence.

For all of the foregoing reasons, transfer is granted, the opinion of the Court of Appeals is vacated, and the judgment of the trial court is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

On direct examination plaintiff Jones testified regarding events occurring after dark:

Q. Okay. Then what did you do?

A. I got out of the car; I came behind it; and I looked both ways, and I didn't see any lights coming, and so I run like heck to get out of the rain.

On direct examination, Godines, the driver of the car from which plaintiff Jones had alighted, testified as follows:

Q. Okay, and approximately where did you stop your car?

A. Right in front of the medical building.

Q. And then what happened?

A. I told her to wait, she got out of the car and as she was gettin' out I told her to wait and would check to make sure because it was raining pretty bad that day. And, uh, she got out of the car, and as I gave her the honk of the car and says okay it's clear, so she left. She took off.

Q. Okay, did you see any traffic coming...

A. No.

The defendant Gleim testified for the plaintiff in the following manner:

Q. Did you have your headlights on?

A. Yes, I did.

Here, Jones and Godines, both looked up the dark street in the direction from which the defendant was in fact approaching in his car. Both were looking for oncoming cars. One testified that she saw no lights coming, and the other testified that he saw no traffic coming. Jones immediately darted across the street and was hit. It is apparent to me that a reasonable trier of fact could infer from the testimony of Jones and Godines that the defendant was operating his car with his headlights turned off as he approached the area in front of the medical building where the accident occurred.

To my mind the conclusion is unavoidable that a reasonable trier of fact could infer from the testimony of Jones and Godines, two persons, not simply one, both of whom were intent upon determining whether the street was safe to cross, and both of whom deliberately looked up the dark street from which the defendant was then approaching, that the defendant was operating his car with his headlights turned off as he approached the area in front of the medical building where the accident occurred.

Jones and Godines were simply relating what they saw, namely a dark and empty stretch of road. The defendant was doing the same when he testified that his headlights were on. He was simply relating what he saw, namely an illuminated portion of the street directly in front of his car.

The nature of this negligence claim made it necessary for plaintiff Jones to prove that defendant was negligent and that such negligence was the proximate cause of the accident, during her case in chief. Her testimony and that of Godines satisfied that burden, as she had pleaded that defendant was operating his car without the lights on, and at a speed which was too great for the conditions. Such testimony was sufficient to carry the case to the jury. It was not plaintiff's burden to allege or prove that she was free from contributory negligence. Trial Rule 9.1(A). To the extent that the issue of the plaintiff's negligence was raised when she elicited the defendant's testimony that he had been operating his car with the lights on, her testimony and that of Godines was sufficient to support the inference that the lights were indeed not on, and required denial of the motion for judgment on the evidence. I therefore vote to reverse the judgment and remand for a new trial.