William R. HOLLOWELL, and Ella Mae Hollowell, Appellants (Plaintiffs Below),

v.

MIDWEST SMORGASBORD, INC., d/b/a Duff's Famous Smorgasbord Restaurant, Appellee (Defendant Below).

No. 1–385A62.

Court of Appeals of Indiana, First District.

Dec. 18, 1985.
Rehearing Denied Jan. 16, 1986.

Kenneth A. Layton, David W. Paugh, Montgomery, Elsner & Pardieck, Seymour, for appellants (plaintiffs below).

Patrick W. Harrison, Beck & Harrison, Columbus, for appellee (defendant below).

ROBERTSON, Judge.

Appellant/plaintiff William Hollowell (Hollowell) brings this appeal following judgment in favor of defendant/appellee Midwest Smorgasbord, Inc., d/b/a Duff's Famous Smorgasbord Restaurant (Midwest). Judgment followed the granting of Midwest's Motion for Summary Judgment.

We reverse.

The facts, which are not in dispute, are that in the afternoon of August 17, 1983, Hollowell and his wife were dining at Duff's restaurant. After finishing his meal, Hollowell felt the need to use the restroom, located inside the restaurant. Once in the restroom Hollowell, who walks with the aid of a cane, had proceeded halfway across the restroom floor toward the stalls when he noticed that the floor was wet. No one else was in the restroom during this time.

Hollowell contemplated leaving the restroom, but realized that the entire floor was wet. After considering that he was now closer to the stall than to the door leading out of the restroom, and because the need to use the restroom was urgent, Hollowell decided to proceed to the stall at the back of the restroom. He decided to walk close to the wall, where there appeared to be less water. However, after taking two or three steps, the cane Hollowell was using slipped and he fell, breaking his hip. There was additional evidence showing that the floor had recently been mopped, and that there were no warning signs or notice that the floor was slippery.

The trial court granted Midwest's Motion for Summary Judgment and entered judgment for Midwest, finding that Hollowell was contributorily negligent, that he incurred the risk, and that the danger giving rise to Hollowell's injuries was open and obvious.

Because we reverse, we find it necessary to decide only one issue: whether there existed genuine issues of material fact which precluded summary judgment.

**18**

When determining whether there is any genuine issue of material fact, this court accepts as true all facts set forth by the nonmoving party and resolves all doubts against the moving party. *Gonzales v. Kil Nam Chun*, (1984) Ind.App., 465 N.E.2d 727; *Barr v. State*, (1980) Ind. App., 400 N.E.2d 1149.

Midwest contends that the facts necessary for resolution of the case are undisputed, and that Hollowell's testimony indicating that he continued on his course across a slippery restroom floor makes him contributorily negligent as a matter of law. Midwest also asserts that the evidence leads to the conclusion that Hollowell had incurred a known risk. We disagree. Only where the facts are undisputed and only a single inference can reasonably be drawn therefrom does the question of contributory negligence become one of law. *Hundt v. LaCrosse Grain Co., Inc.*, (1983) Ind., 446 N.E.2d 327; *Jones v. Gleim*, (1984) Ind., 468 N.E.2d 205. A case is not one to be decided on summary judgment when, though the basic facts are not in dispute, reasonable men may nevertheless disagree about inferences to be drawn from the facts. *Furniss v. Waters*, (1971) 150 Ind.App. 566, 277 N.E.2d 48; *Hundt, supra.*

Accordingly, having examined the facts recited in the pleadings, affidavits and depositions, we believe that the facts are undisputed. Nevertheless, from the facts recited in Hollowell's affidavit, a jury could reasonably infer that Hollowell found himself in a position of peril from which he may not have expected to escape unharmed, even had he decided to leave the restroom. Moreover, a jury might reasonably infer that, by walking close to the wall in an effort to avoid the water, Hollowell had exercised reasonable care that an ordinary person would exercise in like or similar circumstances. *See Jones, supra.*

Midwest argues that a contradiction in the facts contained in Hollowell's deposition and his affidavit must be resolved in favor of the facts recited in the deposition. Although Hollowell states in his affidavit that he decided against leaving the men's room because he realized he was trapped, his deposition testimony was that he continued to walk across the wet floor to the stall because of his urgent need to use the restroom. Midwest's argument that the affidavit statements should be discounted addresses itself to the weight of Hollowell's testimony rather than to the existence of a material fact or inference. We may not weigh evidence when reviewing a motion for summary judgment. *See Carrell v. Ellingwood*, (1981) Ind.App., 423 N.E.2d 630, 636. Because the jury may draw more than a single inference from the undisputed facts in this case, the trial court's granting of summary judgment was error.

Judgment reversed.

RATLIFF, P.J., and NEAL, J., concur.