Douglas P. WILSON, Administrator of
the Estate of Linda S. Wilson,
Appellant (Plaintiff Below),

v.

Richard REDINBO and Jimmie L. Logs-
don, Appellees (Defendants Below).

No. 79S04–8802–CV–260.

Supreme Court of Indiana.

Feb. 25, 1988.

Michael J. Stapleton, Ball, Eggleston, Bumbleburg & McBride, Lafayette, for appellant.

Bruce L. McSpadden, Maurice E. McClung, Stuart & Branigin, Lafayette, for appellees.

SHEPARD, Chief Justice.

The question on transfer is whether children who received minimal support from a deceased parent are "dependent children" within Indiana's wrongful death statute, Ind.Code § 34–1–1–2 (Burns 1986 Repl.).

Linda and Douglas Wilson married in 1971. They had two children, a daughter and a son. During a 1976 dissolution, the court awarded Douglas custody of the children and ordered Linda to pay child support.

For the first year and a half after the divorce, Linda saw the children regularly and paid most of the court-ordered support. Then the payments became sporadic. Douglas petitioned the court on three occasions to cite Linda for contempt for nonpayment of support. Linda stopped payments completely in May 1978. From that time through the early 1980s, Linda seldom saw her children except for birthdays, Thanksgiving and Christmas. She did purchase gifts for them, and on at least one occasion she bought the children school supplies and clothing.

The family situation changed when Douglas had difficulty maintaining a job and raising the children. He telephoned Linda asking for help. Linda responded. She spent every other weekend helping the children with homework and taking them for haircuts. She did not make any more support payments, but Douglas postponed enforcing the order in deference to the growing mother-child relationships.

Whatever relationships developed ended in the early morning hours of December 30, 1984. Linda and Richard Redinbo had parked on a country road for a tryst. They fell asleep in the International Scout with the heater on and the motor running. The next morning, a sheriff's deputy found the Scout still running. The deputy discovered Linda dead and Redinbo unconscious. They had been overcome by carbon monoxide.

As the administrator of Linda's estate, Douglas Wilson filed a wrongful death action on behalf of the two children against Redinbo and the owner of the Scout. After Wilson presented his case, the defendants moved for judgment on the evidence. The trial court granted the motion and entered judgment against Wilson. The court found the children could not recover because they were not "dependent children" within the meaning of the wrongful death statute. The Court of Appeals affirmed the trial court in a memorandum opinion. *Wilson v. Redinbo* (1987), Ind.App., 503 N.E.2d 1266. We grant transfer.

In reviewing a trial court's judgment on the evidence, an appellate court looks only to the evidence and reasonable inferences most favorable to the nonmoving party. *Whisman v. Fawcett* (1984), Ind., 470 N.E. 2d 73. If there is any probative evidence or inferences that would allow reasonable persons to differ, then judgment on the evidence is improper. *Jones v. Gleim* (1984), Ind., 468 N.E.2d 205.

The case turns on the evidence of the children's dependence on their mother. The wrongful death statute provides in part: "When the death of one is caused by the wrongful act or omission of another ... damages, if any, shall ... inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children...." Ind.Code § 34–1–1–2 (Burns 1986 Repl.). The specific issue is whether there is any evidence from which a person could conclude that the two Wilson children were "dependent children" of their mother.

In 1955, this Court set a standard for dependency within the meaning of the wrongful death statute. "[P]roof of dependency must show a need or necessity for support on the part of the person alleged to be a dependent ... coupled with the contribution to such support by the deceased." *New York Central Railroad Co. v. Johnson* (1955), 234 Ind. 457, 465, 127 N.E.2d 603, 607. The analysis looks not only to the dependent, but also to the parent or supporter to determine if the children are "dependent" within the meaning of the statute.

Linda paid support for her two children for more than a year. Although Linda did not pay any more support in later years, she spent time with the children and developed an ongoing relationship with them. Linda contributed to her children's welfare. The children also needed her support. When Douglas lost his job, he called Linda for help with the children. The evidence establishes both contribution and necessity as required by *Johnson.*

The Wilson children need not have been totally dependent on their mother for the administrator to recover on their behalf. "[A]n administrator's action inures to the benefit of partial dependents as well as those wholly dependent...." *Northern Indiana Power Co. v. West* (1941), 218 Ind. 321, 328, 32 N.E.2d 713, 716. While the children were primarily dependent on their father, they were also partially dependent on their mother.

The degree of dependency and amount of contribution are issues for the jury. While the jury in this case might well have concluded that the monetary value of Linda's contribution was not great and the financial loss suffered by the Wilson children was low, the evidence of dependency looked at most favorably to the administrator would allow reasonable persons to conclude that some loss had occurred. Therefore, judgment on the evidence was improper.

The opinion of the Court of Appeals is vacated and the cause remanded to the trial court with instructions to reinstate the administrator's claim for the two children.

DeBRULER, GIVAN, PRIVARNIK and DICKSON, JJ., concur.