*601 RUCKER, Justice,
dissenting.
I respectfully dissent. I agree with the majority that “[ujnder the common law defense of contributory negligence, a plaintiff may not recover if guilty of any negligence, no matter how slight, that proximately contributes to the claimed injury.” Op. at 598 n. 2 (citing Bain, Admx. v. Mattmiller, 213 Ind. 549, 13 N.E.2d 712, 715 (1938)). I also agree that “[cjontribu-tory negligence is generally a question of fact and is not an appropriate matter for summary judgment ‘if there are conflicting factual inferences.’” Op. at 599 (citing Butler v. City of Peru, 733 N.E.2d 912, 917 (Ind.2000)). Indeed only where there are no conflicting factual inferences does the issue of contributory negligence become a question of law. Jones v. Gleim, 468 N.E.2d 205, 207 (Ind.1984).
Finding that under the facts of this case there is but one factual inference to be reached — namely, that Mr. Funston “was negligent to some degree” — the majority deems summary judgment appropriate. Op. at 600. I disagree. Summary judgment is rarely appropriate in negligence actions. Rhodes v. Wright, 805 N.E.2d 382, 387 (Ind.2004). This is because “negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person — one best applied by a jury after hearing all of the evidence.” Id. at 387. To declare as an indisputable factual inference that “Mr. Funston was negligent to some degree” without submitting the issue of negligence to a jury deprives Mr. Funston of the opportunity to demonstrate that he was not, in fact, a proximate cause of his injuries. See id. at 388 (“[Pjroximate cause is primarily a question of fact to be determined by the jury”) (citation omitted).
I cannot say as a matter of law that the facts as we know them lead to but one inference. Although my research has revealed no factually similar cases from this Court, we have historically limited common law contributory negligence to instances where a plaintiff very clearly neglected to exercise “reasonable care that an ordinary person would exercise in like or similar circumstances.” Jones, 468 N.E.2d at 207. See, e.g., id. (plaintiff, who was deaf in one ear and wearing dark clothing and wet glasses, crossed a road mid-block on a rainy, foggy night without watching for oncoming traffic); Hundt v. La Crosse Grain Co., Inc., 446 N.E.2d 327 (Ind.1983) (plaintiff stepped through a doorway leading to downward steps without looking forward, aware that the basement door opened inward while the bathroom door opened outward); Devine v. Grace Const. & Supply Co., 243 Ind. 98, 181 N.E.2d 862 (1962) (plaintiff swerved around three or more blockades and drove 50-55 miles per hour in a 15 mile per hour road construction zone); New York Cent. R. Co. v. Glad, 242 Ind. 450, 179 N.E.2d 571 (1962) (truck driver drove onto train tracks in contravention of the law by not stopping at a mandated point and looking for oncoming trains). This case is different. We know that Mr. Funston was watching a basketball game while sitting atop the uppermost row of bleachers. We further know that he crossed his legs and adjusted in his seat, whereupon he fell backward off the bleachers. What is not clear from these facts is whether a reasonable person would have exercised greater care than that shown by Mr. Funston. Because there is more than one factual inference to be drawn from the facts before us, this case is inappropriate for summary disposition. I would therefore reverse the judgment of the trial court.